

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** <br> *Corporation Counsel* | **LAW DEPARTMENT** <br> **100 CHURCH STREET** <br> **NEW YORK, NY 10007** | **OLUWASEUN M. ADEWARE** <br> Assistant Corporation Counsel <br> Labor and Employment Law Division <br> Telephone: (212) 356-2658 <br> Email: sadeware@law.nyc.gov |

June 27, 2025

**By ECF**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Hong, et al. v. City of New York, et al.
                  No. 25-cv-00922-LDH-VMS

Dear Judge DeArcy Hall:

        I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, attorney for the defendants, City of New York ("City"), New York City Department of Finance ("DOF"), New York City Office of Technology and Innovation ("OTI"), New York City Department of Citywide Administrative Services ("DCAS"), and Eric Adams (collectively, "Defendants") in the above-referenced action. Defendants write to respectfully request that the Court schedule a pre-motion conference to discuss Defendants' anticipated motion to dismiss the Complaint.

        Plaintiff Sonya Hong, a former DOF employee, and Plaintiff Mark Whitsett, a former OTI employee, both terminated from their City employment on June 30, 2022, allege that by not granting them exemptions to the COVID-19 vaccine mandate applicable to City employees ("Vaccine Mandate"), the City engaged in religious discrimination in violation of the New York State and City Human Rights Laws ("SHRL" and "CHRL," respectively); violated the Free Exercise Clause of the First Amendment to the United States Constitution; failed to accommodate their religion; violated their rights to Equal Protection guaranteed by the Fourteenth Amendment to the United States Constitution; acted "intentionally and, with malicious or bad faith intent to injure Plaintiffs"; and violated their due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. See generally Complaint ("Compl"). For the reasons set forth below, Defendants respectfully submit that dismissal of the Complaint is warranted in this matter.

**A) DOF, OTI, and DCAS are non-able entities.**

        The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396. Here, DOF, OTI and DCAS are non-suable entities because they are New York City governmental agencies, and thus, all claims against them should be dismissed. See, Kurmangaliyev

v. City of NY, 2025 U.S. Dist.. LEXIS 107488, at *4 (E.D.N.Y. 2025) (DOF is a non-suable entity).

### B) Plaintiff's First Amendment Claim Fails Because a Rational Basis Exists for the Enforcement of the Vaccine Mandate

"In order to prevail on a Free Exercise Clause claim, a plaintiff must establish that the object of the challenged law is to infringe upon or restrict practices because of their religious motivation, or that its purpose is the suppression of religion or religious conduct. It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." See Okwedy v. Molinari, 69 Fed. Appx. 482, 484 (2d Cir. 2003) (citing Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993)). The Second Circuit Court of Appeals has found the COVID-19 Vaccine Mandate to be constitutional on its face, and that "in all its iterations, is neutral and generally applicable." See Kane v. De Blasio, 19 F.4th 152, 166 (2d Cir. 2021). As such, the relevant inquiry is whether there is a rational basis for the enforcement of the Vaccine Mandate, and that hurdle is easily met. Id.  As such, Plaintiffs' First Amendment claims should be dismissed.

### C) Plaintiff's Fifth Amendment Claim Fails, and the Complaint Fails to State a Fourteenth Amendment Claim Because the Vaccine Mandate Does Not Implicate Due Process

First, there are no allegations that Defendants are federal agencies or actors; thus, the Fifth Amendment does not apply here. See Sylla v. City of New York, 2005 U.S. Dist. LEXIS 31817 (E.D.N.Y. 2005) (holding that the Fifth Amendment applies only to the federal government). Second, Plaintiffs allege that they were deprived of "a fundamental right to refuse medicine and protect their bodily harm…" in violation of their due process rights under the Fourteenth Amendment. Compl. ¶172. However, federal jurisprudence has consistently held that mandatory vaccination falls within a State's police power to protect public health, does not implicate a fundamental right, and thus does not implicate due process. Jacobson v. Massachusetts, 197 U.S. 11, 24-25 (1905); see also Phillips v. City of New York, 775 F.3d 538, 542 (2d Cir. 2015) (holding that New York's requirement that children be vaccinated in order to attend public school did not violate substantive due process rights because vaccination was within the State's police power); C.F. v. N.Y.C. Dep't of Health & Mental Hygiene, 191 A.D.3d 52, 72 (2d Dept. 2020) (holding that the City of New York's measles vaccine mandate did not violate the due process rights secured by the Fourteenth Amendment). Here, because the Vaccine Mandate did not violate Plaintiffs' due process rights, Plaintiffs' Fourteenth Amendment claims should be dismissed.

### D) Plaintiffs Fail to State a Selective Enforcement or Equal Protection Claim

To succeed on a selective enforcement claim, a plaintiff must plead facts that establish (1) she was treated differently from a similarly-situated individual; and, (2) that the "treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." See Hu v. City of NY, 927 F.3d 81, 93 (2d Cir. 2019).  A plaintiff asserting selective enforcement claims "must identify a similarly situated comparator and […] must show that compared with others similarly situated, he or she was treated differently." See Bar-Levy v. Gerow, 2020 U.S. Dist. LEXIS 28596, *13 (S.D.N.Y. 2020).  Here, Plaintiffs fail to identify a single comparator or plead a single fact to show that they were treated differently than any other similarly-situated individual who was not denied reasonable accommodation or terminated for failure to comply with the Vaccine Mandate.  Instead, Plaintiffs allege that "hundreds of municipal workers" were treated

differently than they were. Compl. ¶4. However, this is insufficient. Picinich v. N.Y.C. Dep't of Educ., 2018 U.S. Dist. LEXIS 122959 (E.D.N.Y. July 11, 2018) ("Well-pled facts showing that the plaintiff has been treated differently from others similarly situated remains an essential component of such a claim [and] [c]onclusory allegations of selective treatment are insufficient to state an equal protection claim."). Thus, Plaintiffs' claims fail and must be dismissed accordingly.

**E) Plaintiff's Religious Discrimination Claims Under the SHRL and CHRL Fail**

The Complaint further fails to establish that Plaintiffs was terminated *because of* their religious beliefs, thus failing to raise an inference of discrimination. To succeed on a claim of discrimination under the SHRL, a Plaintiff must plausibly allege two elements: "(1) the employer discriminated against [them] (2) because of [their] race, religion, sex, or national origin." See Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 429 (E.D.N.Y. 2016) (SHRL). Under the more liberal CHRL, Plaintiffs are still required to plead facts which "plausibly give rise to an inference of unlawful discrimination." Pagan v. Morrissania Neighborhood Family Health Ctr., 2014 U.S. Dist. LEXIS 14978, at *9 (S.D.N.Y. 2014). Here, the Complaint alleged only conclusory allegations that Defendants, though they allegedly had knowledge of their sincerely-held religious beliefs, ignored those beliefs, "forced them into suspension without pay, denied their exemption request and Appeals …and terminated their employment. See Compl. ¶130. These conclusory statements are merely threadbare recitals of the cause of action and do not suffice, even at the pleading stage. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Accordingly, Plaintiff's claims of discrimination should be dismissed.

**E) Plaintiffs Fail to State A Failure to Accommodate Claim Under All Statutes**

Defendants' enforcement of the Vaccine Mandate was not disciplinary action, which is a required element for pleading failure to accommodate claims under all statutes. See Baker v. Home Depot, 445 F.3d 541, 546 (2d. Cir. 2006). Courts in this circuit have found the Vaccine Mandate to be a valid condition of employment, and Plaintiffs were terminated because they did not meet that condition. See Broecker v. New York Dep't of Educ., 585 F. Supp.3d 299, 314-315 (E.D.N.Y. 2022); Barrett v. The Department of Education of The City of New York, No. 24-cv-00574(NCM)(RML) (E.D.N.Y. Jun. 26, 2025). Thus, because Defendants did not discipline Plaintiffs, and proof of COVID-19 vaccination was a condition of employment, Plaintiffs' failure to accommodate claims must be dismissed.

For the foregoing reasons, Defendants respectfully request that the Court hold a pre-motion conference. Thank you for your consideration of this request.

Respectfully submitted,

By:  /s/ *Seun Adeware*
Oluwaseun M. Adeware
Assistant Corporation Counsel

cc: Sonya Hong and Mark Whitsett pro se Plaintiffs (by ECF, by E-Mail to shmw57@outlook.com and by UPS to 97 Brooklyn Ave, Apt 3G, Brooklyn, NY 11216)